**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**


MICHAEL WILLIAM JONES,

     Plaintiff,

vs.                                 CASE NO. 5:08cv27/RS/AK

DENNIS LEE, et al.,

     Defendant.
_____/


## <u>ORDER</u>

Before me are Defendant's Motion to Dismiss of Defendant Dennis Lee, Sheriff of Holmes County as Counts I and II of Amended Complaint with Incorporated Memorandum of Law (Doc. 20) and Plaintiff's Response in Opposition to Defendant Sheriff's Motion to Dismiss Counts I and II of Amended Complaint (Doc. 26).

A motion to dismiss should be granted under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low. *Quality Foods de Centro America, S.A. v. Latin American Agribusiness*

*Devel.*, 711 F.2d 989, 995 (11ᵗʰ Cir. 1983).  In ruling on a motion to dismiss, the

court must accept all material facts alleged in the complaint as true, and it must

construe all reasonable inferences in the light most favorable to the plaintiff. *Kirby*

*v. Siegelman,* 195 F.3d 1285, 1289 (11ᵗʰ Cir. 1999).  The issue is not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct.

1683, 1686, 40 L. Ed. 2d 90 (1974).  If the facts alleged in the complaint would

allow the plaintiff to recover under any possible theory, the motion must be denied,

regardless of whether they would allow recovery under the particular theory plead

by the plaintiff. *See Linder v. Portocarrero,* 963 F.2d 332, 336 (11ᵗʰ Cir. 1992).

Plaintiff alleges in the Complaint (Doc. 1), "Defendant Sheriff acted with

deliberate indifference in the failure to adopt a policy for incidents like that

described herein when it was obvious that the likely consequences of not adopting

a policy would be a deprivation of civil rights, and deliberately failed to protect

Jones from the obvious likelihood of harm."  Plaintiff also alleges, "Defendant

Sheriff also failed to implement adequate hiring, training, staffing, and supervisory

procedures, a direct result of which Plaintiff was falsely arrested and imprisoned."

Accepting all material facts alleged as true and construing all reasonable inferences

in the light most favorable to Plaintiff, Plaintiff has adequately alleged a claim

against the Sheriff.  Defendant mistakenly cited many cases based on a summary

judgment standard as opposed to the less stringent standard for a motion to dismiss

under Rule 12(b)(6).  Thus, Defendant's Motion to Dismiss of Defendant Dennis

Lee, Sheriff of Holmes County as Counts I and II of Amended Complaint with

Incorporated Memorandum of Law (Doc. 20) is denied as to Count I.

In a footnote in Plaintiff's Response, Plaintiff consents to dismissal of Count

II.  Therefore, Defendant's Motion to Dismiss of Defendant Dennis Lee, Sheriff of

Holmes County is granted as to Count II.

Defendant's Motion to Dismiss of Defendant Dennis Lee, Sheriff of Holmes

County as Counts I and II of Amended Complaint with Incorporated Memorandum

of Law (Doc. 20) is **DENIED as to Count I.  Count II is dismissed as to**

**Defendant Dennis Lee, Sheriff of Holmes County.**

**ORDERED** on April 24, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**